STATE of Wisconsin, Plaintiff-Respondent,

v.

Robert L. GUCK, Defendant-Appellant.†

Court of Appeals

*No. 91–2406–CR. Submitted on briefs May 8, 1992.—Decided August 20, 1992.*

(Also reported in 490 N.W.2d 34.)

†Petition to review granted.

For the defendant-appellant the cause was submitted on the briefs of *Daniel P. Bestul* of *Duxstad, Vale & Bestul Law Offices* of Monroe.

For the plaintiff-respondent the cause was submitted on the brief of *James E. Doyle,* attorney general, and *William C. Wolford,* assistant attorney general.

Before Eich, C.J., Dykman and Sundby, JJ.

EICH, C.J.   Robert L. Guck was charged in Lafayette County with two counts of second-degree sexual assault—intercourse with a person between the ages of twelve and sixteen in violation of sec. 940.225(2)(e), Stats. His attorney petitioned the court to determine his competency to stand trial. The court found Guck competent on the basis of a psychiatric examination and report, and he eventually entered a plea of no contest to the charges. He appeals from the judgment of conviction

and sentence and from an order denying his postconviction motions to withdraw his plea and for a new trial.

He argues on appeal that he should be permitted to withdraw his plea because he never validly waived a competency hearing under sec. 971.14(4)(b), Stats.,[1] and that he is entitled to a new trial because he was denied the effective assistance of counsel. We reject both arguments and affirm the judgment and order.

At the time he was charged in Lafayette County, Guck was facing a similar charge involving the same victim in Richland County. He entered a negotiated plea to the Richland County charge and was sentenced to eight years in prison.

Guck then entered a plea of not guilty and not guilty by reason of mental disease or defect in this case. At his attorney's request, competency proceedings were commenced and Guck underwent a psychiatric examination to determine his competency.

The psychiatrist's report concluded that Guck was competent to stand trial, and, through his attorney, he

---

[1]Section 971.14, Stats., governs competency proceedings. If reason to doubt a defendant's competency exists, the court will order an examination by one or more experts and the preparation of a report on the defendant's condition. Under sec. 971.14(3), the report is to contain, among other things, the examiner's clinical findings and an "opinion regarding the defendant's present mental capacity to understand the proceedings and assist in his or her defense."

Upon receipt of the report, the court provides copies to the district attorney and defendant's attorney. Section 971.14(4)(b), Stats., provides that "[i]f the district attorney, the defendant and defense counsel waive their respective opportunities to present other evidence on the issue, the court shall promptly determine the defendant's competency . . .." The section further provides that, "[i]n the absence of these waivers, the court shall hold an evidentiary hearing on the issue."

waived further hearing. Then, upon the parties' stipulation, the court ruled him competent. Shortly thereafter Guck and the prosecutor entered into a plea agreement pursuant to which Guck changed his plea to no contest and he was found guilty of the two sexual assault charges. He was sentenced to a total of ten years in prison, to run consecutively to the eight-year Richland County sentence.

Guck filed postconviction motions challenging his waiver of the competency hearing and claiming his trial counsel was ineffective. The trial court denied the motions and Guck appealed. Other facts will be discussed in the body of the opinion.

## *Waiver of the Competency Hearing*

Guck argues that sec. 971.14(4), Stats., requires the court to address him personally and receive his personal waiver of the competency hearing, and, second, that his attorney's waiver on his behalf was ineffective. We disagree.

As noted above, sec. 971.14(4), Stats., requires the court to "promptly determine" the defendant's competency on the basis of the examiner's written report "[i]f the district attorney, the defendant and defense counsel waive their respective opportunities to present other evidence on the issue . . .." When the parties appeared before the trial court on the competency issue, Guck's attorney and the prosecutor stated that they had received the psychiatrist's report and recommendations, and when asked by the court if they were prepared to proceed, the following colloquy occurred:

> MR. LYNCH [the prosecutor]: Yes, your Honor . . ..
> It is my understanding that the defendant and defense counsel . . . will waive their respective oppor-

tunities to present other evidence at this time as to competency to stand trial.

THE COURT: By that, you mean, then, that the court may make a determination that the defendant is competent to stand trial, to understand the proceedings, and assist and aid in his own defense?

MS. STOLTMAN [defense counsel]: That's correct, Your Honor. . . . I have received a copy of the competency report. I have shared its content and its conclusions with my client. My client understands that he has the right to request a hearing in which the evaluator could come into court and testify and cross examine and challenge the underlying conclusion. My client at this time, however, understanding those rights, is willing to waive them and will stipulate to the medical opinion that [he] is competent to stand trial . . ..

THE COURT: . . . I . . . accept[ ] the stipulation of the parties regarding the report . . . determin[ing] from the stipulation that from [the report] that Mr. Guck [i]s competent to proceed in this matter, to aid and assist in his defense, and that he understa[nds] the proceedings. This is all consistent with the examiner's conclusions. Also, Attorney Stoltman indicated that she discussed with him his right to challenge this, to bring the examiner in, to examine that examiner as to his findings and his conclusions, and that with that understanding he had indicated that he was willing to accept the report and proceed on the basis of [the] finding, which was that he was competent.

██ .
A defendant has the right to contest the examination report in competency proceedings. *State ex rel. Matalik v. Schubert,* 57 Wis. 2d 315, 326, 204 N.W.2d 13, 18 (1973), *overruled by State ex rel. Haskins v. Dodge County Court,* 62 Wis. 2d 250, 214 N.W.2d 575

(1974), *as stated in Norwood v. State,* 74 Wis. 2d 343, 246 N.W.2d 801 (1976), *cert. denied,* 430 U.S. 949 (1977). In *Matalik,* the defendant "vigorously object[ed]" to the report's findings and demanded a hearing, despite his counsel's agreement to proceed summarily. The trial court denied the request and found him incompetent on the basis of the report. The supreme court reversed, holding that a defendant alleged to be incompetent has a due process right to contest the validity of the psychiatric report. *Id.* at 327, 204 N.W.2d at 19. Following *Matalik,* the legislature amended sec. 971.14, Stats. — which at that time provided that only the district attorney and defense counsel could contest the report — to read essentially as it does today.

As with all issues of statutory construction, we begin with the language of the statute itself. *Marshall-Wisconsin Co. v. Juneau Square Co.,* 139 Wis. 2d 112, 133, 406 N.W.2d 764, 772 (1987). We note first that the language of sec. 971.14(4)(b), Stats., does not expressly require the court to ask the defendant personally whether he or she, along with counsel, wishes to present other evidence on the issue of competency. It requires only that the state, the defendant and defense counsel waive that right. This may be contrasted with a provision appearing a few lines later in the statute where the legislature has specifically provided for the defendant's personal participation in the process. If an evidentiary hearing is ordered, the statute directs that the judge *"shall ask the defendant"* whether he or she claims to be competent or incompetent. This suggests to us, as it did to the state, that had the legislature intended to require a personal inquiry by the court regarding waiver, it could have used the very language it chose only a few lines later in the same statute.

666

We consider it significant also, that here—unlike the situation in *Matalik*, which, as indicated, the amendment to sec. 971.14(4)(b), Stats., was drawn to meet—Guck did not express any disagreement with the waiver or his attorney's statement to the court indicating that she had gone over the various factors entering into such a waiver with him and that he understood and agreed to the stipulation of competency.

Guck disagrees, arguing that *State v. Livingston,* 159 Wis. 2d 561, 464 N.W.2d 839 (1991), requires a different result. *Livingston* involved the waiver of a jury trial under sec. 972.02(1), Stats., which provides for a jury trial in criminal cases *"unless the defendant waives a jury* in writing or *by statement in open court"* (emphasis added). The supreme court held that waiver by defense counsel alone, with the defendant remaining silent, was ineffective. *Id.* at 569–70, 464 N.W.2d at 843.

We do not see *Livingston* as controlling our decision in this case. First, underlying the *Livingston* court's decision was the fact that the right sought to be waived was the fundamental constitutional right to trial by jury, whereas in this case we deal only with a statutory right to an evidentiary hearing. Second, the statute in *Livingston* requires the defendant to "waive [the] jury . . . *by statement in open court,"* and here the statute at issue simply provides for waiver by "the district attorney, the defendant and defense counsel." We conclude that *Livingston* is distinguishable on the facts and does not compel the result Guck urges upon us.

*Ineffective Assistance of Counsel*

After conviction on his plea, neither Guck nor the prosecutor requested a new presentence investigation.

Instead, they relied on the investigation and report prepared in the Richland County case several months earlier, supplemented with other materials which will be discussed in more detail below.

Guck claims that his counsel should have had a new presentence report prepared and should have secured the presence of two expert witnesses, who had testified in the Richland County proceedings, to testify at the sentencing hearing in this case. And he maintains that her failure to do so fell so far below acceptable professional standards as to deny him the right to effective assistance of counsel guaranteed by the constitution.

As indicated earlier, approximately eight months prior to his sentencing in this case, Guck pled guilty to a similar charge (involving the same victim) in Richland County. A presentence report was prepared in that case and, apparently disagreeing with some of its contents, Guck retained two expert witnesses—a psychiatrist, Dr. Charles J. Hodulik, and a sex therapist, Lloyd Sinclair—to "balance the information contained in the presentence investigation" by testimony that his rehabilitative needs would best be met outside a prison environment. As we have also noted, Guck was sentenced to eight years in prison in that case.

Guck testified at his postconviction hearing in this case that he had suggested to his attorney that Hodulik and Sinclair be brought to Lafayette County to appear at his sentencing hearing. He states that counsel told him that would not be necessary because the Richland County sentencing transcript could be made available to the Lafayette County court. However, for reasons that are not apparent, this was not done.

A criminal defendant's right to counsel is guaranteed by the Sixth Amendment to the United States Con-

stitution and by art. I, sec. 7 of the Wisconsin Constitution. A determination of ineffective representation involves a two-step analysis. We look first to see whether counsel's performance was deficient—whether it comported with acceptable professional standards—and, if deficient, we must determine whether the defendant was prejudiced thereby. *Strickland v. Washington,* 466 U.S. 668, 687 (1984). Representation is not ineffective in the constitutional sense unless both elements of the test are satisfied.

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that [he or she] was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair [trial], a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable. *State v. Johnson,* 133 Wis. 2d 207, 216-17, 395 N.W.2d 176, 181 (1986).

An attorney's performance is not deficient unless it is shown that, "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *Johnson,* 133 Wis. 2d at 217, 395 N.W.2d at 181. In this regard "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* Finally, as to prejudice, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional

errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694.

Prior to sentencing, Guck and the district attorney agreed that the state would recommend probation, and his attorney argued strongly for probation, relying in part on the fact that appropriate treatment would not be available to Guck in prison. In support of the argument, counsel submitted to the court copies of letters from Hodulik and Sinclair outlining their concerns.

Hodulik's letter discusses Guck's problems, his "very positive response" to psychotherapy and medication, and states that because he "no longer presents any danger to society . . . there would seem to be little psychological benefit in punishing him severely at this point." The letter concludes with the opinion that probation, rather than incarceration, would be best for him. The letter from Sinclair similarly summarizes Guck's treatment with him and the progress he had been making—emphasizing that the treatment "has really just begun." The letter states Sinclair's opinion that Guck needs adult "occupational as well as social interactions" and concludes that he "has finally developed a genuine desire to overcome his sexual problems and has the cognitive resources to do so."

We have examined Guck's arguments and assertions on this point and agree with the state that each one is, in substance, covered by the letters. In addition, we note in this regard that Guck's trial counsel testified at the postconviction hearing as to her reasons for not requesting a new presentence investigation or having Hodulik and Sinclair testify at the Lafayette County sentencing hearing. She stated that because she had introduced Hodulik's and Sinclair's letters, an insanity plea evaluation and the psychiatric report from the competency hearing, she felt that was adequate—especially in light of the fact

that "nothing had changed" in Guck's life since the earlier evaluations and reports. She also stated that Sinclair had not seen Guck in some time and that because of an intervening change in Guck's attitude, she felt that Sinclair's opinion, as testified to in the Richland County proceedings, would no longer be valid. Although she conceded that, with the benefit of hindsight, she might have requested a new presentence investigation and "perhaps should have brought in Dr. Hodulik and Mr. Sinclair," second-guessing, or speculating on what tactics or course of action might have worked better, is not the test. "Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to secondguess counsel's assistance after conviction or adverse sentence . . .." *Strickland,* 466 U.S. at 689.

We will not indulge any such temptation here. Under all applicable standards, and according due deference to defense counsel's tactical and representational choices, we conclude that Guck has not established that counsel's performance was constitutionally deficient. As we have noted, the main point Guck wanted to make at the sentencing was that, for a variety of reasons, his treatment needs would not be met if he were sentenced to prison; and he complains that his attorney's "failures" prevented him from making that point. But that is not borne out by the record. While thinking after-the-fact that perhaps she could have done more, Guck's trial counsel felt at the time that the point could be made from the available materials, without a replacement presentence investigation and without the need to call Hodulik and Sinclair to testify. And she was able to make that point strongly enough to cause the court to state at one point in its sentencing remarks: "Much has been made about the unavailability of appropriate coun-

671

seling services for [Guck] in the prison system." It thus appears that counsel did in fact put forth and argue the primary point on which Guck rests this appeal; it is not grounds for reversal that the result sought—probation, rather than incarceration—was not forthcoming.

*By the Court.*—Judgment and order affirmed.

SUNDBY, J. *(dissenting).* The issue in this case is whether counsel for a defendant charged with a crime may waive the defendant's right to an evidentiary hearing on the question of the defendant's competency to proceed. Because I conclude that only the defendant can waive that right, I respectfully dissent.

Section 971.14, Stats., requires a competency examination and a report by the examiner or examiners to the court whenever there is reason to doubt a criminal defendant's competency to proceed. Section 971.14(4)(b), Stats., provides in part:

> If the district attorney, the defendant and defense counsel waive their respective opportunities to present other evidence on the issue, the court shall promptly determine the defendant's competency . . ..
> In the absence of these waivers, the court shall hold an evidentiary hearing on the issue. . . .

In an earlier form, sec. 971.14(4), Stats. (1971), provided: "[I]f neither the district attorney nor the counsel for the defendant contest the finding of the report [as to defendant's competency] . . . the court may make the determination on the basis of such report." However, in *State ex rel. Matalik v. Schubert,* 57 Wis. 2d 315, 326, 204 N.W.2d 13, 18 (1973), the court held that this procedure violated the defendant's right to due process because it "ignores any objections which the party

alleged to be incompetent may have to the medical report."

Section 971.14(4), Stats. (1971), was amended by ch. 153, Laws of 1975, to address the concern of the *Matalik* court by giving the defendant, as well as defendant's counsel, the right to contest the finding as to competency.[1] Section 971.14, Stats., was then repealed and recreated by sec. 4, ch. 367, Laws of 1981. This Act was the product of the Judicial Council's Insanity Defense Committee. *See* Fosdal and Fullin, *Wisconsin's New Competency to Stand Trial Statute,* WIS. B. BULL., October 1982, at 10.

The minutes of the Insanity Defense Committee show that the committee appreciated that the defendant and his or her counsel might disagree as to whether the defendant was competent to proceed. The February 20, 1981 minutes of the committee proceedings contain the following discussion:

> In reviewing Section 12 [sec. 971.14(4)], the committee focussed upon whether the defendant should have a right to a hearing on the competency report.. . .
>
> Professor Dickey stated that defendants do not usually know that they have a right to a hearing on the competency report. Often the lawyer would prefer that his client stay at Central State for awhile in the hopes that the case will be dropped after some period of inpatient treatment. *The hearing on the competency report should not be waived without an affirm-*

---

[1]The court's opinion distinguishes *State v. Livingston,* 159 Wis. 2d 561, 464 N.W.2d 839 (1991), and its constitutionally mandated requirements from this case in part because "in this case we deal only with a statutory right to an evidentiary hearing." The statutory right at issue, however, was a direct response to *Matalik's* express constitutional due process concerns.

*ative action on the part of the defendant as well as counsel,* he said. The committee noted that the present statute requires the hearing if either the DA, defendant or defense counsel "contests" the finding of the report. *Mr. Haag felt that this meant that the hearing should be held unless the defendant waived it on the record. The waiver of this hearing should not be presumed; it should be treated like the right to a jury trial, which must be waived in open court.*

Judicial Council Committee Summary of Proceedings, February 20, 1981, at 10 (emphasis added). Fosdal and Fullin state that under the new statute, "The court must hold a competency hearing after the examiner's report is received *unless the hearing is waived by the defendant and both counsel.*" WIS. B. BULL., October 1982, at 12 (emphasis added).

There are good reasons for the requirement that the defendant personally waive his or her right to a competency hearing in open court. Defendant's counsel may be fully convinced that his or her client is incompetent to proceed. Counsel may be willing to have the determination of competency made solely on the basis of the examiner's report. Defendant, on the other hand, may be equally convinced that he or she is competent to proceed, as was the petitioner in *Matalik.* A defendant may prefer to be tried on the merits rather than chancing a commitment under sec. 971.14(5), Stats.

The possibility of a conflict between the defendant and defense counsel explains the legislative language. Section 971.14(4)(b), Stats., gives to the district attorney, the defendant and to the defendant's counsel the right to waive their "respective opportunities" to present other evidence. It would be anomalous to allow defendant's counsel, who is in opposition to the defendant's

674

position with respect to competency, to waive the defendant's right to be heard on the competency issue.

For these reasons, I respectfully dissent.