STATE of Wisconsin, Plaintiff-Respondent,

v.

Robert L. GUCK, Defendant-Appellant-Petitioner.†

Supreme Court

*No. 91-2406-CR. Submitted on briefs February 3, 1993.—Decided June 16, 1993.*

(Also reported in 500 N.W.2d 910.)

†Motion for reconsideration filed July 7, 1993.

845

For the defendant-appellant-petitioner there were briefs by *Daniel P. Bestul* and *Duxstad, Vale & Bestul Law Offices,* Monroe.

For the plaintiff-respondent the cause was submitted on the brief of *William C. Wolford,* assistant attorney general with whom on the brief was *James E. Doyle,* attorney general.

DAY, J. This is a review of a published court of appeals decision[1] affirming a judgment of conviction and a denial of the defendant's postconviction motions by the Circuit Court for Lafayette County, Honorable William D. Johnston, Judge. This case presents the issue of whether sec. 971.14(4)(b), Stats.[2] requires a personal statement by a criminal defendant waiving the opportunity to present evidence on the issue of competency or allows defense counsel to make such a waiver on behalf of a defendant.

This issue requires us to construe sec. 971.14(4)(b), Stats. "The interpretation and construction of a statute presents a question of law to be reviewed without deference to the lower courts." *State v. Moore,* 167 Wis. 2d 491, 495–96, 481 N.W.2d 633 (1992). We hold that sec. 971.14(4)(b), does not require a personal statement by a criminal defendant and therefore affirm the court of appeals.

The relevant facts are not in dispute. The State's criminal complaint charged that Robert Guck engaged in

---

[1] *State v. Guck,* 170 Wis. 2d 661, 490 N.W.2d 34 (1992).

[2] Section 971.14(4)(b) provides in pertinent part:

(b) If the district attorney, the defendant and defense counsel waive their respective opportunities to present other evidence on the issue, the court shall promptly determine the defendant's competency . . . .

"oral sexual intercourse" with a boy who was between the ages of twelve and sixteen, contrary to sec. 940.225(2)(e), Stats. Guck's attorney requested the circuit court to determine Guck's competency to stand trial. The circuit court found "that there is reason to doubt the defendant's competency" and ordered an examination of Guck. Edward Germain, Ph.D., a licensed psychologist with the State of Wisconsin Department of Health and Social Services, examined Guck and concluded, in a written report, that Guck was competent to stand trial. Dr. Germain filed this report with the circuit court, which distributed the report to counsel. The circuit court then held a hearing, at which Guck was present. At the hearing, the Defense Attorney, Prosecutor and Judge engaged in the following colloquy:

> PROSECUTOR: Your Honor, the court has received the report. I just very briefly talked to Attorney Stoltman [defense counsel] as to where we were on this proceeding. It is my understanding that the defendant and defense counsel, your Honor, will waive their respective opportunities to present other evidence at this time as to competency to stand trial.
> THE COURT: By that, you mean, then, that the court may make a determination that the defendant is competent to stand trial, to understand the proceedings, and assist and aid in his own defense?
> DEFENSE ATTORNEY: That's correct, your Honor. If I could make a record, please. I have received a copy of the competency report. I have shared its content and its conclusions with my client. My client understands that he has the right to request a hearing in which the evaluator could come into court and testify and cross examine and challenge the underlying conclusion. My client at this time, however, understanding those rights, is willing

to waive them and will stipulate to the medical opinion that Mr. Guck is competent to stand trial.

After the above exchange, the circuit court found Guck competent to stand trial. On the day of trial, Guck and the State entered into a plea bargain under which Guck entered a plea of no contest to the first count in the information and the State withdrew a second count but retained the right to "read in" the second count for sentencing purposes. At the time, Guck was serving a sentence for committing a similar crime in Richland County. Although the District Attorney recommended probation consecutive to the sentence Guck was already serving, the circuit sentenced Guck to ten years consecutive to his current sentence.

Guck filed postconviction motions claiming ineffective assistance of counsel and challenging his waiver of the opportunity to present evidence on the issue of competency. Although Guck's claim of ineffective assistance of counsel listed several specific allegations, none of the allegations concerned the waiver of Guck's opportunity to present evidence on the issue of competency. The circuit court denied Guck's motions and Guck appealed.

The court of appeals, in a split decision, affirmed the circuit court and Guck petitioned this court for review. This court accepted review of the waiver issue only. Thus, we do not review the portion of the court of appeals' decision discussing Guck's ineffective assistance of counsel claim.

"It has long been the rule of Anglo-American law that an incompetent person should not be forced to face the judicial process during such incompetency." *State ex rel. Matalik v. Schubert*, 57 Wis. 2d 315, 321, 204 N.W.2d 13 (1973). As long as a State affords a criminal defendant on whose behalf a plea of incompetence is

asserted a reasonable opportunity to demonstrate that he is not competent to stand trial, a State is free to establish its own procedures for determining competency. *See Medina v. California,* 112 S.Ct. 2572 (1992) (holding that California could establish a presumption of competence and place the burden of proof on a defendant seeking to prove incompetence).

In Wisconsin, sec. 971.14, Stats. governs the procedure for determining a defendant's competency to stand trial. "[T]he procedure spelled out by sec. 971.14, on the determination of incompetency to proceed, is a critically important fail-safe device for the benefit of accused persons who may not be able to fully cooperate and assist in their defense." *Matalik,* 57 Wis. 2d at 322.

Section 971.14(1)(a) provides that a court "shall proceed under this section whenever there is reason to doubt a defendant's competency to proceed." A defense attorney who has reason to doubt his client's competency to stand trial must raise the issue of competency, regardless of strategic considerations. *See State v. Johnson,* 133 Wis. 2d 207, 219–21, 395 N.W.2d 176 (1986). Furthermore, a defendant cannot waive the defense of incompetency to stand trial. *Id.* at 218, n.1.

Once reason to doubt a defendant's competency exists, sec. 971.14(2)(a), Stats. mandates that "[t]he court shall appoint one or more examiners having the specialized knowledge determined by the court to be appropriate to examine and report upon the condition of the defendant." Under sec. 971.14(3), Stats., the report must contain, among other things, the clinical findings of the examiner and the examiner's opinion regarding the defendant's present mental capacity to understand the proceedings and assist in his or her defense. Section 971.14(4)(a) requires that the court deliver copies of the

report to "the district attorney and the defense counsel, or the defendant personally if not represented by counsel."

After the report is delivered, the court must hold an evidentiary hearing on the issue of competency unless such a hearing is waived. In the event of a waiver, the court must promptly determine the defendant's competency. Section 971.14(4)(b) states:

> (b)   If the district attorney, the defendant and defense counsel waive their respective opportunities to present other evidence on the issue, the court shall promptly determine the defendant's competency and, if at issue, competency to refuse medication or treatment for the defendant's mental condition on the basis of the report filed under sec. (3) or (5). In the absence of these waivers, the court shall hold an evidentiary hearing on the issue.

An earlier version of sec. 971.14(4)(b), Stats. required waivers by the Prosecutor and Defense Counsel only. This court, however, held that the procedure set forth in the previous version of sec. 971.14(4)(b), was insufficient under the due process clause. *Matalik*, 57 Wis. 2d at 326-27. In *Matalik*, a psychiatrist concluded that the defendant was incompetent. Despite the fact that the defendant vigorously demanded to challenge the psychiatrist's conclusion, the defense attorney waived the defendant's right to challenge the conclusion and the circuit court found the defendant incompetent to stand trial. This court stated "[w]hile it may not often happen that one alleged to be incompetent to stand trial will object to the medical report, the due process clause requires a meaningful hearing where such an objection is made." *Id.* at 327.

In response to *Matalik,* the Legislature amended sec. 971.14(4)(b), Stats. to its current form. Thus, under the current version of sec. 971.14(4)(b), a defense attorney may not waive a defendant's opportunity to present evidence on the issue of competency when the defendant wishes to present such evidence. This court has not yet decided, however, whether a defense attorney can waive an evidentiary hearing **on behalf** of a defendant.

In the present case, Guck does not assert that the waiver was made against his will.[3] Rather, Guck argues that a valid waiver under sec. 971.14(4)(b), Stats. requires a personal statement by the defendant and that a defense attorney can never make such a waiver on the defendant's behalf. We disagree.

"Under the rules of statutory construction, we are to give effect to the intent of the legislature. In determining that intent, first resort must be to the language of the statute itself." *Marshall-Wis. v. Juneau Square,* 139 Wis. 2d 112, 133, 406 N.W.2d 764 (1987). We note that the language of sec. 971.14(4)(b), Stats. does not require a personal statement by a defendant. Furthermore, the language does not require the court to ask a defendant

---

[3] At the postconviction hearing, the defense attorney stated that she discussed the competency report with both Guck and his family. She further testified as follows:

> "I did review Dr. [Germain] or whoever did the competency report with Mr. Guck. He read it. He asked questions. I explained to him that he had the right to bring witnesses in, specifically, Dr. [Germain], and subject him to questions, cross examination as to the basis of his conclusions, and/or other witnesses, and that Mr. Guck concluded that he would not do that, that he was satisfied with the contents of the report, that he would waive his right to an evidentiary hearing to challenge the findings of the report, and he would stipulate that he was competent."

853

whether he wishes to waive the opportunity to present evidence on the issue of competence. If an evidentiary hearing is held rather than waived, however, sec. 971.14(4)(b), requires that "[a]t the commencement of the hearing, the judge **shall ask the defendant** whether he or she claims to be competent or incompetent." (emphasis added). We agree with the court of appeals that "had the legislature intended to require a personal inquiry by the court regarding waiver, it could have used the very language it chose only a few lines later in the same statute." *Guck,* 170 Wis. 2d at 666. Although the language requiring the judge to ask the defendant whether he or she claims to be competent or incompetent was added to the statute some time after it was originally enacted, the Legislature could have, but did not, add similar language to the first sentence of the provision at the same time.

Guck contends that this court's interpretation of secs. 971.08 and 972.02, Stats. supports his position that sec. 971.14(4)(b), Stats. requires a personal waiver by a criminal defendant. We reject Guck's contention because secs. 971.08 and 972.02, are distinguishable from sec. 971.14(4)(b).

Section 972.02, Stats. governs the procedure by which a defendant waives the right to a jury trial. This court has held that a waiver under sec. 972.02. "must be made by an affirmative act of the defendant himself." *State v. Livingston,* 159 Wis. 2d 561, 569, 464 N.W.2d 839 (1991). Section 972.02, however, differs from sec. 971.14(4)(b), Stats. in that it states that a waiver must be "**in writing or by statement** in open court or under s.967.08(2)(b), on the record, with the approval of the court and consent of the state." (emphasis added). Thus, a defendant may waive the right to a jury trial in writing

or by statement. If the defendant chooses to waive the right to a jury trial by statement, the defendant can make such a statement in open court or by the telephonic/audio-visual means provided for in sec. 967.08, Stats.[4] A waiver made under sec. 967.08, "shall have the same effect as if made in open court." Regardless of whether the statement is in open court or pursuant to sec. 967.08, Stats., the defendant must make a personal statement if the waiver is not in writing.

Section 971.08, Stats. governs the procedure a court must follow when accepting a plea of guilty or no contest. This court held that sec. 971.08, requires a trial judge to undertake a personal colloquy with the defendant. *State v. Bangert,* 131 Wis. 2d 246, 260, 389 N.W.2d 12 (1986). Section 971.08, however, differs from the present case in that it expressly states that the court shall "**[a]ddress the defendant personally** and determine that the plea is made voluntarily and with understanding of the nature of the charge and the potential punishment if convicted." (emphasis added).

The language used by the Legislature in secs. 972.02 and 971.08, Stats. demonstrates that the Legislature is capable of requiring a personal and affirmative waiver by a criminal defendant. When enacting sec. 971.14(4)(b), Stats., the Legislature could have required a waiver in writing or by statement by using language similar to sec. 972.02. Furthermore, the Legislature could have required a personal colloquy with defendant by using language similar to sec. 971.08. The absence of such language leads us to conclude that the Legislature did not intend to require a personal statement by a criminal defendant

---

[4] Section 967.08, Stats. provides in pertinent part:

**967.08 Telephone proceedings. (1)** Unless good cause to the contrary is shown, proceedings referred to in this section may be conducted by the telephone or live audio-visual means, if available.

waiving the opportunity to present evidence on the issue of competency under sec. 971.14(4)(b).

Guck contends that sec. 971.14(4)(b), Stats. is ambiguous and the legislative history of the statute supports his contention that the court must obtain a personal waiver from the defendant. Even if we agreed that the statute is ambiguous, which we do not, we conclude that the legislative history does not support Guck's position. Guck relies on statements made by two of the eighteen members of the Insanity Defense Committee which redrafted sec. 971.14, Stats. in 1981. Guck cites excerpts from the minutes of one of the Committee's meetings and statements made outside of the Committee. Guck proffers no evidence, however, that these views were shared by others on the Committee or the Legislature which enacted the statute. In fact, the Judicial Council Committee's Note regarding the 1981 revision of sec. 971.14(4)(b), Stats. provides:

> Sub. (4) is based upon prior s. 971.14(4). The revision emphasizes that the determination of competency is a judicial matter. State ex rel. Haskins v. Dodge County Court, 62 Wis. 2d 250 (1974). The standard of proof specified in State ex rel. Matalik v. Schubert, 57 Wis. 2d 315 (1973) has been changed to conform to the "clear and convincing evidence" standard of s. 51.20(13)(e) and Addington v. Texas, 441 U.S. 418 (1979).

Since the official comment of the legislative advisory committee does not even mention a personal waiver, the legislative history does not alter our conclusion that sec. 971.14(4)(b), does not require a criminal defendant to make a personal statement waiving the right to present evidence on the issue of competency.

Guck expresses concern about a statutory procedure which allows a defense attorney to make a waiver on

behalf of a defendant. Guck contends that the right to a hearing will be gutted if the defendant does not understand the nature of the hearing, the evidence which may be presented at the hearing, the option to disagree with counsel and the effect of a waiver. Guck states that:

> there is a substantial likelihood that the defendant's right to disagree with trial counsel will fall victim to the trial counsel's preferences, either by the trial counsel's ability to persuade the client to forego the hearing, or, more likely, because the trial counsel, by design or neglect, will not fully advise the defendant of the right to pursue an independent course of action, of the nature and scope of the inquiry, and of the effect of a waiver of the evidentiary hearing.

The Legislature may amend sec. 971.14(4)(b), Stats. However, the current version of the statute does not require a personal statement by a criminal defendant waiving the opportunity to present additional evidence on the issue of competency. In cases where the defense attorney makes a waiver against the defendant's wishes or fails to properly inform the defendant before making the waiver, the defendant should bring a motion based on the failure to obtain the effective assistance of counsel. In such cases, the attorney might also be subject to discipline under the rules of ethics.

Our decision today is consistent with this court's decision in *State v. Albright,* 96 Wis. 2d 122, 291 N.W.2d 487 (1980). In *Albright,* this court concluded that "there is a constitutional due process right on the part of the criminal defendant to testify in his own behalf." *Id.* at 129. Nevertheless, this court held that "counsel, in the absence of the express disapproval of the defendant on the record during the pretrial or trial proceedings, may

waive the defendant's right to testify. If counsel waives the defendant's right to testify, and that decision was prejudicial to the defendant, the objection of the defendant should be on the failure to obtain effective assistance of counsel." *Id.* at 133.

Finally, Guck relies on this court's decision in *State ex rel. Haskins v. Dodge County Court,* 62 Wis. 2d 250, 214 N.W.2d 575 (1974). This court, in *Haskins,* stated that "[t]he determination of competency to stand trial is a judicial matter and a finding is not to be made on the basis of rubber stamping the report of a psychiatrist." *Id.* at 264. This court noted that "[a]ny experienced criminal lawyer, whether representing the state or a defendant, has frequently faced situations where the medical report indicated 'incompetency to stand trial,' when what really was meant was merely that the defendant had some mental illness which required treatment." *Id.* at 265.

This court's decision in *Haskins,* however, does not alter our interpretation of sec. 971.14(4)(b), Stats. Even in cases where a defendant waives the evidentiary hearing on the issue of competency, the court must still determine whether the defendant is competent to proceed. In the present case, the report concluded that Guck was competent to stand trial. The circuit court properly accepted Guck's waiver of the opportunity to present further evidence. The circuit court then properly made a finding, based on the stipulation of the parties, that Guck was competent to stand trial and a majority of the court of appeals concurred. We agree.

*By the Court.*—The decision of the court of appeals is affirmed.

SHIRLEY S. ABRAHAMSON, J. (*dissenting*). Section 971.14(4)(b) as amended in 1981 expressly states that the district attorney, the defendant, and the defense counsel each must agree to waive the right to present evidence at a competency hearing. The statute provides that "if the district attorney, *the defendant* and defense counsel waive *their respective opportunities* to present other evidence on the issue, the court shall promptly determine the defendant's competency . . . ." (emphasis added).

The Special Materials prepared by the Wisconsin Criminal Justice Jury Committee advise that "the defendant's waiver should be on the record, should be concurred in by defense counsel, and should be accepted only after the court has explained the nature of the hearing that is being waived." SM-50 (6/91) at p. 12. I conclude, as did the Committee, that the statute means what it says—the defendant must personally waive the evidentiary hearing at which he or she could personally present evidence; the defense counsel cannot waive the evidentiary hearing on behalf of the defendant.

Under the guise of interpretation the majority opinion simply reads the words "defendant" and "their respective opportunities" out of the statute. For the reasons stated, I dissent.

I am authorized to state that Justices DONALD W. STEINMETZ and WILLIAM A. BABLITCH join this dissent.