STATE of Wisconsin, Plaintiff-Appellant,

v.

Kevin GILMORE, Defendant-Respondent.†

Court of Appeals

*No. 94–0123–CR. Submitted on briefs February 7, 1995.—Decided April 11, 1995.*

(Also reported in 535 N.W.2d 21.)

†Petition to review filed.

For the plaintiff-appellant the cause was submitted on the briefs of *James E. Doyle*, attorney general, and *Donald V. Latorraca*, assistant attorney general.

For the defendant-respondent the cause was submitted on the briefs of *Shellow, Shellow & Glynn, S.C.*,

with *James M. Shellow, Robert R. Henak,* and *Craig W. Albee* of Milwaukee.

Before Wedemeyer, P.J., Sullivan and Schudson, JJ.

SCHUDSON, J.   The State of Wisconsin appeals from the trial court order granting Kevin Gilmore's motion to strike the references to intercepted communications in a criminal complaint, and dismissing the redacted complaint against him for lack of probable cause.[1] We conclude that § 968.29(2), STATS., provides a prosecutor the authority to use the contents of intercepted communications in a criminal complaint. Therefore, we reverse.

Between June 24 and July 15, 1991, in the course of an investigation that included electronic monitoring of telephone conversations, the Milwaukee police intercepted communications allegedly connecting Gilmore to drug transactions. The police provided that information to a Milwaukee County Assistant District

---

[1] As a preliminary matter, we also have considered Gilmore's argument that this court lacks jurisdiction to hear the State's appeal due to the ten and one-half month delay between the trial court's oral decision dismissing the complaint against him and the State's filing of a notice of appeal. In this case, however, the trial court order of dismissal was filed on November 29, 1993, and the notice of appeal was filed on January 6, 1994. Thus, the State's appeal was timely and this court has jurisdiction. *See State v. Malone,* 136 Wis. 2d 250, 256-257, 401 N.W.2d 563, 566 (1987) (appeals court lacks jurisdiction where there is no final written judgment or order). To the extent Gilmore makes a laches/due process argument regarding the State's delay in initiating this appeal, Gilmore has failed to support his argument that reinstatement of the complaint will prejudice his defense.

Attorney who, on September 29, 1992, filed a criminal complaint charging Gilmore and several other defendants with conspiracy to deliver cocaine. The complaint contained numerous references to the intercepted communications and included twenty-seven pages of verbatim transcripts of those communications.

Gilmore moved to strike the contents of the intercepted wire communications from the complaint, and to dismiss the redacted complaint for lack of probable cause. The trial court concluded that the complaint's incorporation of intercepted communications constituted an unauthorized disclosure under § 968.29, STATS. The trial court struck those references and then, concluding that the remaining information was insufficient to establish probable cause as to Gilmore, dismissed the redacted complaint against him.

This case presents an issue of first impression: whether § 968.29, STATS., allows a prosecutor to include intercepted communications in a criminal complaint. Section 968.29 sets forth the situations in which intercepted communications may be used and/or disclosed. As relevant to this appeal, the statute provides:

> **968.29 Authorization for disclosure and use of intercepted wire, electronic or oral communications.** (1) Any investigative or law enforcement officer who, by any means authorized by ss. 968.28 to 968.37 or 18 USC 2510 to 2520, has obtained knowledge of the contents of any wire, electronic or oral communication, or evidence derived therefrom, may disclose the contents to another investigative or law enforcement officer only to the extent that the disclosure is appropriate to the proper performance of the official duties of the officer making or receiving the disclosure.

(2) Any investigative or law enforcement officer who, by any means authorized by ss. 968.28 to 968.37 or 18 U.S.C. 2510 to 2520, has obtained knowledge of the contents of any wire, electronic or oral communication or evidence derived therefrom may use the contents only to the extent the use is appropriate to the proper performance of the officer's official duties.

(3) (a) Any person who has received, by any means authorized by ss. 968.28 to 968.37 or 18 U.S.C. 2510 to 2520 or by a like statute of any other state, any information concerning a wire, electronic or oral communication or evidence derived therefrom intercepted in accordance with ss. 968.28 to 968.37, may disclose the contents of that communication or that derivative evidence only while giving testimony under oath or affirmation in any proceeding in any court or before any magistrate or grand jury in this state, or in any court of the United States or of any state, or in any federal or state grand jury proceeding.

■

Whether § 968.29, STATS., precludes the State from including intercepted communications in a criminal complaint presents a question of statutory interpretation, which is subject to our *de novo* review. *See State v. Wittrock*, 119 Wis. 2d 664, 669, 350 N.W.2d 647, 650 (1984). The primary source of construction is the language of the statute itself. *State v. Guck*, 176 Wis. 2d 845, 853, 500 N.W.2d 910, 913 (1993). We conclude that, under the unambiguous language of § 968.29(2), a prosecutor is permitted to include intercepted communications in a criminal complaint.

The parties agree that disclosure is only allowed as provided in the statute. They argue at length about what they consider to be the intricate interrelation-

ships among subsections (1), (2), and (3)(a). In this case, however, we think it analytically more helpful to first clarify the three distinct areas covered by these three subsections. As relevant to the issue in this case:

— § 968.29(1), STATS., relates to disclosure of intercepted communications from one law enforcement officer to another.

— § 968.29(2), STATS., relates to use of intercepted communications by a law enforcement officer.

— § 968.29(3)(a), STATS., relates to disclosure through court testimony concerning intercepted communications, by any person.

The parties and the trial court focused most closely on the "use" of the contents *by the police*. The trial court concluded that while a police officer may "use" the intercepted communications under § 968.29(2), the officer may not "disclose" the communications in a complaint. Although the trial court's examination of the issue was thoughtful in this regard, we think it was incomplete by failing to consider the *prosecutor's* "use."

According to § 968.27(10), STATS., a prosecutor is a law enforcement officer for purposes of § 968.29, STATS. Therefore, when, as in this case, a police officer "discloses" the contents of intercepted communications to a prosecutor, he or she does so under § 968.29(1). When, however, the prosecutor "uses" the contents of the intercepted communications in a criminal complaint, the prosecutor does so under § 968.29(2). Under 968.29(2), the prosecutor "may use the contents only to the extent the use is appropriate to the proper performance of the officer's official duties." A prosecutor's official duties include the preparation of criminal complaints. *See* § 968.02(1), STATS. ("Except as otherwise provided in this section, a complaint charging a person with an offense shall be issued only by a district attor-

ney .... A complaint is issued when it is approved for filing by the district attorney."). A prosecutor's proper performance of official duties necessarily includes the preparation of complaints that provide references to information and/or quotations from sources necessary to establish probable cause. *See* § 968.01(2), STATS. ("The complaint is a written statement of the essential facts constituting the offense charged."). Thus, we conclude that § 968.29(2) provides prosecutors the authority to include intercepted communications in a criminal complaint.

The Second Circuit Court of Appeals encountered a similar circumstance in *United States v. Gerena*, 869 F.2d 82 (2nd Cir. 1989). The government claimed that 18 U.S.C. § 2517(2)[2] "permits a prosecutor to use the contents of intercepted communications in briefs and memoranda in a criminal case and in various other ways in preparation for trial." *Id.* at 85. The court agreed, rejecting "the argument that the statute always forbids public disclosure of unsuppressed, intercepted communications in briefs and memoranda." *Id.*

We acknowledge Gilmore's concern that a prosecutor, unilaterally, would be able to publicly disclose intercepted communications by including them in a complaint. Indeed, the State expresses the same concern and agrees that the best practice may be to file a

---

[2] The words of 18 U.S.C. § 2517(2) are virtually identical to those of § 968.29(2), STATS. The federal statute provides:

Any investigative or law enforcement officer who, by any means authorized by this chapter, has obtained knowledge of the contents of any wire, oral, or electronic communication or evidence derived therefrom may use such contents to the extent such use is appropriate to the proper performance of his official duties.

complaint that submits under seal those portions that are based on intercepted communications. This would allow a court the opportunity, upon request of either party, to consider maintaining the confidentiality of the communications so that the filing of a complaint would not automatically result in their public disclosure. *See id.* at 84-87; *see also Certain Interested Individuals v. Pulitzer Pub.*, 895 F.2d. 460, 465-466 (8th Cir.), *cert. denied*, 498 U.S. 880 (1990); *United States v. Woods*, 544 F.2d 242, 253 (6th Cir. 1976), *cert. denied*, 430 U.S. 969 (1977).

We recognize that "disclosure to a limited audience of 'professionally interested strangers' in the context of their official duties is not the equivalent to disclosure to the public." *Pulitzer Pub.*, 895 F.2d at 465 (lawful "use and disclosure of wiretap information in search warrant affidavits . . . cannot transform the wiretap information into non-wiretap information unprotected by Title III"). Thus, we appreciate the parties' apparent agreement that the best approach would afford the trial court the opportunity to consider either party's request to seal portions of a criminal complaint when it is filed.[3]

---

[3] In this regard also, we consider the federal court decision in *United States v. Gerena*, 869 F.2d 82 (2nd Cir. 1989), valuable and instructive. Considering a prosecutor's "use" of intercepted communications in briefs and memoranda, the court guarded against the prosecutor's unilateral public disclosure:

> [W]hen the government wants to use unsuppressed Title III materials in a publicly filed memorandum or brief, the government must give defendants notice and the opportunity to object. This . . . will enable the district court, upon a defendant's objection, to perform the balancing test mandated by such cases as [*Press-Enterprise Co. v. Superior Court*, 478 U.S. 1, 13-14 (1986), *cert. denied*, 485 U.S. 977 (1988), and *In re the New York Times Co.*, 834 F.2d 1152, 1154

Therefore, we reverse the trial court's order dismissing the redacted complaint against Gilmore. We remand for further proceedings consistent with this opinion on the original complaint.[4]

*By the Court.*—Order reversed and cause remanded.

(2nd Cir. 1987)]. If the district court finds that privacy or fair trial interests cannot otherwise be protected and that these interests outweigh the public's interest in access, it should order redaction or sealing. In doing so, the district court must make findings specific enough so that a reviewing court can determine whether the sealing or redaction order was properly entered.

In recognition of the presumption of openness created by the qualified First Amendment right of access to papers filed in court, this . . . will properly place the burden on defendants of both objecting to the proposed briefs and memoranda and persuading the court that the Title III material contained in them should be continued under seal. This . . . will insure that the district court, not the prosecutor, makes the decision as to what Title III material should be publicly disclosed. We believe that [this] . . . will also give appellants and others necessary protection, while not hampering unduly the government's ability to prosecute its case efficiently and the public's right to know what goes on in a federal court.

*Id.* at 86-87 (citations omitted).

[4] We note that the trial court has not yet determined whether the unredacted complaint states probable cause as to Gilmore.