IN RE the COMMITMENT OF Harry S. BERNSTEIN:

STATE of Wisconsin, Petitioner-Respondent,

v.

Harry S. BERNSTEIN, Respondent-Appellant.†

Court of Appeals

*No. 98–2259. Submitted on briefs September 10, 1999.—Decided November 4, 1999.*

(Also reported in 605 N.W.2d 555.)

†Petition to review denied.

On behalf of the respondent-appellant, the cause was submitted on the briefs of *Mary E. Waitrovich,* assistant state public defender.

On behalf of the petitioner-respondent, the cause was submitted on the brief of *James E. Doyle,* attorney general, and *Diane M. Welsh,* assistant attorney general.

Before Vergeront, Roggensack and Deininger, JJ.

¶ 1.   VERGERONT, J.   Harry Bernstein appeals the trial court's judgment concluding that Bernstein is a sexually violent person and ordering commitment. Bernstein argues he is entitled to a new trial because the record does not show that he personally consented to the State's withdrawal of its request for a jury trial, and this, he argues, is required under § 980.05(2), STATS. We conclude Bernstein did consent to the trial to the court, and that § 980.05(2) does not require a personal statement waiving his statutory right to a jury trial. Bernstein also makes the additional arguments that the term "substantially probable" in § 980.01(7), STATS., is unconstitutionally vague, should have been defined by the trial court as "extremely likely," and violates the equal protection claim. The recent case of *State v. Curiel,* 227 Wis. 2d 389, 597 N.W.2d 679 (1999), rejected each of these arguments. We therefore affirm.

## BACKGROUND

¶ 2.   Bernstein was previously convicted, in three separate cases, of enticing a child into a dwelling or room for the purpose of committing an act against sexual morality, second-degree sexual assault, and lewd and lascivious behavior. He was sentenced to prison.

Prior to Bernstein's discharge date, the State filed a petition under ch. 980, STATS., to have Bernstein committed as a sexually violent person.

¶ 3.   On December 13, 1996, less than ten days after the probable cause hearing on the petition,[1] the State filed a demand for a jury trial under § 980.05(2), STATS. At a pretrial conference on April 23, 1998, the prosecutor advised the court that he was "seriously considering withdrawing the State's demand for a Jury Trial" and that he had spoken to Bernstein's counsel about this possibility. The court then asked Bernstein's counsel whether Bernstein would want a jury trial "nevertheless"? Defense counsel responded, "Judge, Mr. Bernstein from the beginning did not wish a Jury Trial. We waived our right to have a Jury Trial. It is the State who requested that." Later during the same conference, there was further discussion between the court and defense counsel in which defense counsel indicated that, since Bernstein still did not want a jury trial, if the State withdrew its request, the court could consider the trial one to the court without further communication from Bernstein.[2]

---

[1] *See* § 980.04(2), STATS.

[2] This discussion was as follows:

THE COURT:   ....

Am I correct in understanding, Ms. Vegas or Mr. Bokas [Bernstein's counsel], that the court need not consider further about a Jury Trial request by Mr. Bernstein and that, if the State says it shall be a Trial to the court, then it will be?

MS. VEGAS:   The statutes provide, Judge, that, if the person who made the request for the Jury Trial seeks to withdraw that request and if the parties don't object, the parties who may have opposed it originally, whatever, in this case being Mr. Bernstein, then that can be withdrawn and it would be a Trial to the court. In other words, the Statutes just indicate, if the Respondent doesn't object, if the State is requesting a Jury, then it would be a Trial to the court.

¶ 4. The State did withdraw its demand for a jury trial and, on the morning of the first day of the trial, the trial court initiated the following discussion:

> THE COURT: . . . .
>
> This case is before the Court for trial to the Court. Since the last proceedings in this case, the State has filed a written waiver of jury trial, and when we last convened in this case the [Respondent] indicated that he did not want a jury trial and that the Court would not need to confirm that, in the event the State waived its right to have a jury trial. The court does not require a jury trial.
>
> Mr. Schaefer [district attorney], is there anything that you want to add to the written waiver of jury trial that you filed?
>
> MR. SCHAEFER: No.
>
> . . . .
>
> THE COURT: . . . [I]s there anything the [Respondent] wants to add to the record about his waiver of a jury trial?
>
> MR. BOKAS: I do not believe so, your Honor.
>
> THE COURT: Mr. Bernstein, is there anything you want to say about that?
>
> RESPONDENT: No.
>
> THE COURT: Has anyone promised you anything or threatened you in any way about having or not having a jury trial?
>
> THE RESPONDENT: No.
>
> THE COURT: Are you under the influence of drugs or alcohol this morning?

---

THE COURT: Do I have to ask if he objects, is my question. I understood you to say: We didn't want a Jury Trial before and we don't want one now. And, therefore, if the State says it doesn't want one, then the court can consider this a Trial to the court, without contacting you again.

Is that right?

MS. VEGAS: Yes, I believe so, Judge.

THE RESPONDENT: Just for my high blood pressure, that's the only medication I'm on.

THE COURT: Did you take the proper dosage for that today?

THE RESPONDENT: Yes.

THE COURT: Did you confer with one or both of your lawyers about having or not having a jury trial?

THE RESPONDENT: Well, they just said bench trial last time I was here.

THE COURT: Did you talk with them about that?

THE RESPONDENT: (Pause). (Attorney Bokas and the Respondent conferring sotto voice.)

THE RESPONDENT: We talked about that.

THE COURT: Do you have any questions about that now?

THE RESPONDENT: No.

THE COURT: The Court finds that the Petitioner and the Respondent waive their rights to have a jury trial knowingly, voluntarily and intelligently. And as I stated, the Court does not require a jury trial.

¶ 5. After the trial to the court, the court found Bernstein was a sexually violent person and ordered that he be committed under ch. 980, STATS.

## DISCUSSION

¶ 6. Section 980.05(2), STATS., provides:

The person who is the subject of the petition, the person's attorney, the department of justice or the district attorney may request that a trial under this section be to a jury of 12. A request for a jury trial under this subsection shall be made within 10 days after the probable cause hearing under s. 980.04. If no request is made, the trial shall be to

the court. The person, the person's attorney or the district attorney or department of justice, whichever is applicable, may withdraw his, her or its request for a jury trial if the 2 persons who did not make the request consent to the withdrawal.

¶ 7.  Since the State initially requested a jury trial, under § 980.05(2), STATS., both Bernstein and his counsel must consent to the State's withdrawal of that request. Bernstein argues that because § 980.05(1m) provides that "[a]ll constitutional rights available to a defendant in a criminal proceeding are available" to a respondent in a ch. 980 trial, the adequacy of his "consent" in this case should be judged under the standards for a knowing and voluntary waiver of the right to a jury trial in a criminal case, as described in § 972.02(1), STATS., and *State v. Livingston*, 159 Wis. 2d 561, 464 N.W.2d 839 (1991). Section 972.02(1) provides:

> Except as otherwise provided in this chapter, criminal cases shall be tried by a jury selected as prescribed in s. 805.08, unless the defendant waives a jury in writing or by statement in open court or under s. 967.08 (2) (b), on the record, with the approval of the court and the consent of the state.

*Livingston* interprets § 972.02(1) to require that a defendant waive the right to a jury trial with an affirmative act and concludes that this personal waiver may not be inferred or presumed. *Livingston*, 159 Wis. 2d at 569–70, 464 N.W.2d at 843. According to Bernstein the record does not show that he made a statement in open court that was sufficient to waive his right to a jury trial under this standard.[3]

---

[3] The State contends that we should not address this issue because Bernstein's trial counsel advised the court that it did not have to make any further inquiry regarding Bernstein's

¶ 8.    Resolution of this issue requires that we construe § 980.05(2) and 980.05(1m), STATS. When we construe a statute, our aim is to ascertain the intent of the legislature; and, in doing so, our first resort is to the language of the statute itself. *State v. Eichman*, 155 Wis. 2d 552, 560, 455 N.W.2d 143, 146 (1990). Although § 980.05(1m) makes the general statement that respondents are afforded the same constitutional rights available to a defendant in a criminal proceeding, § 980.05(2) creates a statutory right to a jury trial and sets forth specific procedures for the respondent (or the respondent's attorney or the State) to follow to exercise that right. The respondent must specifically request a jury trial within ten days after the probable cause hearing, and if the respondent (or his or her attorney or the State) does not make such a request, the trial will be to the court. Section 980.05(2) also includes a specific provision for the circumstance in which the person requesting a jury trial wishes to withdraw the request. Where a general statute conflicts

consent under § 980.05(2), STATS., and Bernstein should now be estopped from arguing that the court needed to further inquire. However, if we were to agree with Bernstein that this case presents a question of whether the colloquy between the court and the respondent was sufficient to waive a constitutional right to a jury, then the responsibility for developing a proper record would be on the trial court, and the respondent's counsel's comment would not, in itself, warrant affirmance. *See Krueger v. State*, 84 Wis. 2d 272, 282, 267 N.W.2d 602, 607 (1978). Also, Bernstein's argument presents an issue of statutory construction, a question of law, *see Minuteman, Inc. v. Alexander*, 147 Wis. 2d 842, 853, 434 N.W.2d 773, 778 (1989), that the parties have fully briefed. We therefore decide the issue. *See Wirth v. Ehly*, 93 Wis. 2d 433, 444, 287 N.W.2d 140, 146 (1980).

with a specific statute, the specific statute prevails. *State v. Smith*, 106 Wis. 2d 151, 159, 316 N.W.2d 124, 128 (Ct. App. 1982). Moreover, were we to adopt Bernstein's construction, § 980.05(2) would be superfluous, a result that we are to avoid in construing statutes. *See Kelley Co. v. Marquardt*, 172 Wis. 2d 234, 250, 493 N.W.2d 68, 76 (1992). We therefore conclude that a respondent's right to a jury trial in a proceeding under ch. 980 is governed by § 980.05(2) rather than the case law governing the constitutional right of a criminal defendant to a jury trial and § 972.02(1), STATS.

¶ 9.   Applying § 980.05(2), STATS., the question we must decide is whether Bernstein did "consent" to the State's withdrawal of its request for a jury trial. When the State withdraws its request for a jury trial, as it did here, § 980.05(2) requires that both the respondent and his or her attorney "consent to the withdrawal." Bernstein argues that this language should be interpreted to require that the respondent and his attorney personally consent—that is, each must make a statement to the court that he or she consents to a trial to the court. However, it is generally accepted that an attorney acts on behalf of his or her client. *See Livingston*, 159 Wis. 2d at 567, 464 N.W.2d at 842. Section 980.05(2) does not expressly require the respondent to make a "statement in open court," as does § 972.02(1), STATS. In *State v. Guck*, 176 Wis. 2d 845, 500 N.W.2d 910 (1993), the supreme court construed § 971.14(4)(b), STATS., a statute that required that "the defendant and defense counsel waive their respective opportunities to present other evidence" before the court could determine competency without an evidentiary hearing. In responding to the argument that this statute required the defendant to personally waive the evidentiary hearing with

a statement on the record, the court commented that if the legislature had intended to require that, the legislature would have included language similar to § 971.08, STATS. (when accepting a guilty plea, the court shall "[a]ddress the defendant personally"), or § 972.02 (a criminal defendant's waiver to a jury trial must be "in writing or by statement in open court"). *See Guck*, 176 Wis. 2d at 855–56, 500 N.W.2d at 914. We therefore conclude that Bernstein's consent to the withdrawal of the State's request for a jury trial need not be in the form of a statement made personally by him to the court.

¶ 10. The record establishes the following. Bernstein's counsel consented to the State's withdrawal on Bernstein's behalf at the pretrial conference. On the morning of trial, Bernstein was present when the court related this and asked Bernstein's counsel, "[I]s there anything [Bernstein] wants to add to the record about his waiver of a jury trial?" After Bernstein's counsel said he did not believe so, the court personally addressed Bernstein on the subject. Bernstein indicated that he had spoken to his attorney about having or not having a jury trial, that no one had promised him anything or threatened him in any way, and that he was not under the influence of drugs or alcohol. Under these circumstances, we conclude, as did the trial court, that Bernstein consented to the State's withdrawal of its request for a jury trial as required by § 980.05(2), STATS.

¶ 11. Bernstein contends that precedent regarding the adequacy of consent to a withdrawal of a jury request shows the consent must be personally given. However, the cases he cites are not applicable to this case because they involve individuals who requested a jury trial themselves and later attempted to withdraw

that request. *See N.E. v. DHSS*, 122 Wis. 2d 198, 208, 361 N.W.2d 693, 698 (1985) (holding, as a matter of judicial administration, once a juvenile has demanded his or her statutory right to a jury trial under §§ 48.30(2) and 48.31(2), STATS., it can be withdrawn only by the juvenile personally, either in writing or on the record in open court); *S.B. v. Racine County*, 138 Wis. 2d 409, 415, 406 N.W.2d 408, 411 (1987) (holding, as a matter of judicial administration, if a valid demand for a jury trial in a civil commitment has been made by an individual or his or her attorney under § 51.20(11)(a), STATS., the individual's attorney may withdraw the demand only with the consent of the individual, either in writing or in open court). Since Bernstein never requested a jury trial, we are not concerned in this case with the procedure required by § 980.05(2), STATS., for the withdrawal of his request.

¶ 12. The three additional issues Bernstein raises have been recently resolved against him by the supreme court in *State v. Curiel*, 227 Wis. 2d at 395, 597 N.W.2d 679, 699–700. He contends that the term "substantially probable" in § 980.01(7), STATS.,[4] is, without further limitation, unconstitutionally vague and violates the due process clause; the trial court's definition of that term—"significantly more than likely"—should be rejected in favor of "extremely

___

[4] Section 980.01(7), STATS., provides:

"Sexually violent person" means a person who has been convicted of a sexually violent offense, has been adjudicated delinquent for a sexually violent offense, or has been found not guilty of or not responsible for a sexually violent offense by reason of insanity or mental disease, defect or illness, and who is dangerous because he or she suffers from a mental disorder that makes it substantially probable that the person will engage in acts of sexual violence.

likely"; and that without "extremely likely" as the definition of "substantially probable," ch. 980 violates a respondent's right to equal protection by imposing a lesser standard of dangerousness for those committed under ch. 980 than applied to those committed under ch. 51, STATS. In *Curiel*, the supreme court concluded that "substantially probable" in ch. 980 means "much more likely than not." So construed, the term is not unconstitutionally vague; and this standard for dangerousness under ch. 980 does not violate the right to equal protection. *Id.* The trial court in this case defined "substantially probable" as "significantly more than likely," the equivalent of "much more likely than not." We therefore conclude the trial court did not err.

　　*By the Court.*—Judgment and order affirmed.